[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT AETNA'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Metropolitan Resources International (MRI), filed an CT Page 10339 amended complaint against the defendants, Naeem W. Butt, AECON, Incorporated, Able Electric Company, Goodco Painting, Incorporated, The Money Store Investment Corporation, Butt Hotels, Incorporated, The Eugene Steinberg Company, Cellco Partnership, Ceil-Tex Construction Company, and Aetna Casualty Surety Company of America. The plaintiff provided work and materials to a hotel owned by Butt and filed a mechanics lien against the same. The first amended complaint, dated August 13, 1999, contains three counts: Count One seeks foreclosure on the mechanics lien; Count Two addresses the validity of the dissolution of the lien; and Count Three seeks damages on the bond posted by defendant Butt and surety defendant Aetna which allegedly dissolved the lien.
The defendant, Aetna, moves for summary judgment arguing that count three of the amended complaint is time barred and does not relate back to the original complaint as it is a new cause of action. The plaintiffs argue that third count of the amended complaint relates back to the original complaint, and is therefore not time barred. Moreover, the plaintiffs maintain that this argument has already been raised and rejected in Aetna's objection to the request to amend the original complaint.
The lien in question was filed by MRI on or about November 12, 1996. The original complaint was dated November 12, 1997, within the one year statute of limitations contained in General Statutes § 49-37 (a). The court agrees that this argument has already been ruled upon in the objection to the request to amend the complaint.
The court determines that the plaintiff's original complaint made the alternative theories of recovery under either the lien or the bond sufficiently clear. The amended complaint amplified the causes of action. The third count of the amended complaint is not a new cause of action. It relates back to the original complaint and is not, therefore, time barred.
"It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." Sharp v. Mitchell, 209 Conn. 59, 71-72, 546 A.2d 846
(1988). The plaintiff specifically signals its theory of liability as to Aetna, as the surety for the alleged bond which may or may not have dissolved the mechanics lien. Count three amplifies and expands this theory.
Accordingly, the motion for summary judgment is denied. CT Page 10340
Stengel, J.